UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TREVIS L. FUNCHES,

                           **Plaintiff,**

   vs.                                                   9:20-CV-00676
                                                                    (MAD/CFH)

**JUSTIN MILLER,** *Correctional Officer, Gouverneur Correctional Facility*; **C. BURT,** *Correctional Officer, Gouverneur Correctional Facility*; **J. AUCTER,** *Correctional Officer, Gouverneur Correctional Facility*; **K. KNAPP,** *Deputy Superintendent of Programs, Gouverneur Correctional Facility*; **T. GEE,** *Plant Supervisor, Tier III Hearing Officer*; **M. DRAKE,** *Correctional Officer*; **GAURIN,** *Sergeant*; **T.J.,** *Officer, Special Housing Unit*,

                           **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**TREVIS L. FUNCHES**
02-A-2668
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403
Plaintiff, *Pro Se*

**ATTORNEY GENERAL FOR THE**      **NICHOLAS W. DORANDO, AAG**
**STATE OF NEW YORK**
Litigation Bureau
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

                           **MEMORANDUM-DECISION AND ORDER**

                                   **I. INTRODUCTION**

    On June 17, 2020, Plaintiff commenced this action under 42 U.S.C. § 1983 ("Section 1983") alleging violations of his constitutional rights under the First, Eighth, and Fourteenth

Amendments. *See* Dkt. No. 1. After an initial review of Plaintiff's complaint was conducted by this Court pursuant to 28 U.S.C. § 1915A, Plaintiff's only surviving claims in this action were (1) Plaintiff's retaliation claims against Defendants Gaurin, Miller, Burt, T.J., Aucter, and Knapp; (2) Plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against Defendants Aucter, Drake, Miller, T.J., and Burt; (3) Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Miller, T.J., and Burt; and (4) Plaintiff's due process claim against Defendant Gee. *See* Dkt. No. 8 at 43.

Currently before the Court is a motion for summary judgment by Defendants Aucter, Burt, Drake, Gaurin, Gee, Knapp, and Miller, *see* Dkt. No. 49, and a January 3, 2023, Report-Recommendation and Order by Magistrate Judge Hummel (the "January 3 Order"). *See* Dkt. No. 68. The January 3 Order recommends that (1) the motion for summary judgment be denied insofar as it seeks dismissal of Plaintiff's First Amendment retaliation claim and Eighth Amendment excessive force claim against Defendant Miller, and Eighth Amendment excessive force claims against Defendants Aucter and Drake; (2) the Court hold an exhaustion hearing to determine if administrative remedies were available to Plaintiff concerning those claims permitted to proceed past summary judgment; (3) the motion for summary judgment be granted in part, Plaintiff's remaining claims be dismissed, and the complaint be dismissed in its entirety against Defendants Knapp, Gaurin, Burt, and Gee; and (4) Plaintiff be ordered to show good cause as to why Defendant T.J. should not be dismissed from this action. *See id.* at 79.

For the reasons set forth below, the January 3 Order is adopted in its entirety.

## II. BACKGROUND

For a complete recitation of the relevant material facts, the parties are referred to the

January 3 Order. *See* Dkt. No. 68 at 13-22.[1]

### III. DISCUSSION

**A.     Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36–37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 (c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the

---

[1] The Court acknowledges that Plaintiff appears to object to the January 3 Order's recitation of the underlying facts. *See* Dkt. No. 70 at 3. This objection is discussed below.

court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553-54 (2d Cir. 2005) (quotation omitted). "However, '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff.'" *Id.* (quoting *Anderson*, 477 U.S. at 252). "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts,' ... and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (quotations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan*, 289 F. Supp. 2d at 295 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has directed that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "This liberal standard, however, does not

excuse a *pro se* litigant from following the procedural formalities of summary judgment." *Id.* (citation omitted). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

**B.    Plaintiff's Objections**

Plaintiff's submissions are far from a model of clarity, and it is not clear to the Court precisely what portions of the January 3 Order Plaintiff is objecting to or the grounds for those objections. *See generally* Dkt. No. 70. However, in light of Plaintiff's *pro se* status, the Court will treat his submissions as objecting to every portion of the January 3 Order that was not resolved in his favor.

**C.    Preliminary Issues**

***1. New Claims and Previously Dismissed Claims***

In the January 3 Order, Magistrate Judge Hummel determined that he would not consider several claims raised by Plaintiff in his response to Defendants' motion for summary judgment because they (1) had been raised for the first time in that response or (2) were asserted against third parties who had not been named as defendants in this action. *See* Dkt. No. 68 at 5-7. It is well established that arguments and claims raised for the first time in response to a motion for summary judgment should not be considered by a court, *see Camoia v. City of New York*, 787 Fed. Appx. 55, 58 (2d Cir. 2019), and that a "party may not use his or her opposition to a dispositive motion as a means to amend the complaint." *Shah v. Helen Hayes Hosp.*, 252 Fed. Appx. 364, 366 (2d Cir. 2007) (citation omitted). Magistrate Judge Hummel also correctly decided not to consider documents submitted by Plaintiff that were not properly authenticated. *See Axelrod & Cherveny, Architects, P.C. v. T. & S. Builders Inc.*, 943 F. Supp. 2d 357, 363

(E.D.N.Y. 2013) ("[A]uthentication 'is a precondition to consideration of documentary evidence on summary judgment'") (citation omitted); *see also Barlow v. Connecticut*, 319 F. Supp. 2d 250, 257 (D. Conn. 2004), *aff'd sub nom. Barlow v. Dep't of Pub. Health, Connecticut*, 148 Fed. Appx. 31 (2d Cir. 2005).

Magistrate Judge Hummel also soundly declined to consider several claims because they had been previously dismissed by this Court. *See* Dkt. No. 68 at 4-5. In particular, Plaintiff argued in his response that (1) Defendant Knapp violated his First Amendment right to have access to the courts; (2) Defendant Knapp violated his Eighth Amendment right to be protected from cruel and unusual punishment; and (3) Defendant Miller violated his Fourteenth Amendment rights. *See* Dkt. No. 62 at 6-10, 12. Each one of these claims was dismissed by this Court on its initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. *See* Dkt. No. 8 at 17-20, 23-25, 38-39. "[A] brief opposing a dispositive motion is not the appropriate means of seeking to revive previously dismissed claims." *Valentine Properties Assocs., LP v. U.S. Dep't of Hous. & Urb. Dev.*, 785 F. Supp. 2d 357, 370 (S.D.N.Y. 2011), *aff'd*, 501 Fed. Appx. 16 (2d Cir. 2012) (citation omitted). Plaintiff has not moved for reconsideration of the order dismissing those claims, and does not raise any of the grounds upon which reconsideration could be granted. *See Doe v. United States*, 815 Fed. Appx. 592, 596 (2d Cir. 2020) ("'[T]he major grounds justifying reconsideration' remain 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice'") (quotation omitted).

### 2. Defendant T.J.

Defendants have moved for this action to be dismissed as against Defendant T.J., despite not appearing on his behalf, because Plaintiff never adequately identified or served him. *See* Dkt. No. 49-3 at 5 n.1. The January 3 Order recommends that this Court "issue 'a conditional

6

dismissal order[]' which orders that the claims against [D]efendant T.J. be dismissed without further order of the Court unless, within thirty (30) days following the District Court's adoption or rejection of [the January 3 Order], [P]laintiff shows good cause as to why he has not identified [D]efendant T.J. and obtained personal jurisdiction over him." Dkt. No. 68 at 12.  The Court agrees with this recommendation, which balances Plaintiff's failure to take reasonable steps to ascertain the identity of Defendant T.J. over the past two years with Plaintiff's *pro se* status and the lack of any prior warning that his failure to identify and serve Defendant T.J. could result in dismissal of the claims against him.  *See* Fed. R. Civ. P. 4(m); L.R. 4.1(b); *see also Pajak v. New York State Off. of Temp. & Disability Assistance*, 783 Fed. Appx. 86, 87 (2d Cir. 2019) ("'In the Rule 4(m) context, a district court abuses its discretion when, among other things, it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff and providing an opportunity for her to show good cause for the failure to effect timely service'") (quoting *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012)).

### 3. The Statement of Material Facts

In the January 3 Order, Magistrate Judge Hummel noted that Plaintiff's failure to respond to Defendants' Statement of Material Facts in accordance with Local Rule 56.1(b) "permits this Court to deem admitted [D]efendants' properly supported facts that [P]laintiff does not specifically controvert." Dkt. No. 68 at 14-15.  However, Magistrate Judge Hummel determined that he would, in light of Plaintiff's *pro se* status, exercise his discretion to review the record for any disputes of material fact.  *See id.*  This determination is consistent with the discretion afforded to courts under Local Rule 56.1(b) and the special solicitude generally afforded to *pro se* parties.  *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules. ...

Thus ... while a court 'is not required to consider what the parties fail to point out' in their Local Rule 56.1 statements, it may in its discretion opt to 'conduct an assiduous review of the record' even where one of the parties has failed to file such a statement") (quotation and citations omitted). Plaintiff appears to object to the treatment of certain facts as uncontested in the January 3 Order. *See, e.g.*, Dkt. No. 70 at 2 ("Defendants[ ] failed to contend on the matter or make a record demonstrative of such record base material fact of genuine issues for trial and such Report and Recommendation should not rest on some allegations or denial of such facts submitted by [D]efendants"). This Court has conducted its own review of the January 3 Order's statement of the undisputed and disputed facts, *see* Dkt. No. 68 at 15-22, and the Court concludes that the January 3 Order has correctly identified those facts on which there is a genuine dispute in the record.

### 4. Exhaustion

The January 3 Order makes two relevant exhaustion recommendations. First, the Court agrees with Magistrate Judge Hummel's finding that Plaintiff failed to establish a dispute of material fact as to whether he properly exhausted the administrative remedies available to him, or that such remedies were unavailable, with respect to Defendant Gaurin. Plaintiff filed a grievance complaining of Defendant Gaurin's conduct in May 2019. *See* Dkt. No. 52-3 at 18-19. The grievance was investigated and denied, and Plaintiff does not argue that he attempted to appeal the decision to CORC and was unable to do so. To the extent Defendant Gaurin wrote a second misbehavior report on May 7, 2019, there is no evidence in the record that Plaintiff attempted to file a grievance addressing that report.

The January 3 Order also found that there was enough evidence in the record to raise an issue of material fact as to whether administrative remedies were available to Plaintiff for (1) the

claims against Defendants Knapp, Burt, Gee, and Gaurin; (2) the retaliation claim against Aucter; and (3) the failure-to-intervene claims, but nevertheless determined that including those claims in the recommended exhaustion hearing was unnecessary because—regardless of whether those claims were properly exhausted—Defendants were still entitled to summary judgment on the merits of those claims. *See* Dkt. No. 68 at 33-35. Given the Court's adoption of the January 3 Order's summary judgment recommendations, as discussed below, the recommendation to deny exhaustion hearings on those claims is sound.[2]

**D.     Merits**

   ***1. Retaliation***

   ***a. Defendant Garin***

As noted above, dismissal of Plaintiff's claim against Defendant Gaurin is warranted for the failure to exhaust his administrative remedies. However, the Court also finds that Magistrate Judge Hummel has correctly found that dismissal of this claim is also warranted on the merits because there is no evidence in the record to establish a causal connection between Plaintiff's grievance against Defendant Miller or Plaintiff's complaints about the law library and Defendant Gaurin's misbehavior reports. *See Wright v. Goord*, 554 F.3d 255, 274 (2d Cir. 2009) (affirming the dismissal of a retaliation claim where the defendant was not named in the plaintiff's original grievance); *Washington v. Afify*, 681 Fed. Appx. 43, 46 (2d Cir. 2017) (holding that although "temporal proximity between protected conduct and an adverse action constitutes circumstantial evidence of retaliation," the Second Circuit has "consistently required some further evidence of retaliatory animus before permitting a prisoner to proceed to trial on a retaliation claim").

---

[2] To be clear, an exhaustion hearing will still be held concerning the claims permitted to proceed past summary judgment.

### *b. Defendants Burt, Aucter, and Knapp*

The January 3 Order determined that Plaintiff failed to produce any evidence to support his contention that Defendant Burt retaliated against him for filing written grievances against corrections officers and for throwing a food tray at him. *See* Dkt. No. 68 at 40-41. The Court agrees. Plaintiff has produced no evidence that Defendant Burt knew about or mentioned Plaintiff's written grievances or oral complaint before, during, or after Defendant Burt's alleged assault, and throwing a food tray at a corrections officer is clearly not a protected activity upon which a retaliation claim can rest.

The January 3 Order also recommended dismissal of Plaintiff's retaliation claim against Defendant Aucter because Plaintiff did not produce any evidence in the record connecting Defendant Aucter's alleged actions against Plaintiff to his exercise of a protected activity. *See id.* at 41-43. The Court has reviewed the record and agrees with the recommendation. Plaintiff has not (1) provided any evidentiary support for his assertion that he wrote or was writing up a grievance accusing Defendant Aucter of being drunk; (2) established any connection between Defendant Aucter's alleged actions against Plaintiff and that grievance; and (3) allegations of general animosity not arising from any specific speech or conduct is insufficient to support a retaliation claim.

Additionally, the January 3 Order correctly recommended dismissal of Plaintiff's claim against Defendant Knapp. *See id.* at 43-44. Plaintiff failed to connect Defendant Knapp's denial of Plaintiff's request for disciplinary hearing transcripts or hearing cassette tapes to any protected activity, and presented no evidence to demonstrate that hearing minutes or tape recorders are normally given out and that the denial would deter a typical prisoner from exercising his or her First Amendment rights.

*2. Excessive Force*

The January 3 Order determined that, with respect to Defendant Burt, Plaintiff failed to allege any conduct that rises above the *de minimis* threshold required for an excessive force claim. The January 3 Order is correct. Plaintiff alleged that Defendant Burt pushed him, shoved him onto a table, grabbed his neck, and spit on him, but fails to allege that Plaintiff sought medical care or that he suffered any injuries resulting from this conduct. *See Rivera v. Connolly*, No. 18-CV-03958, 2022 WL 1785313, *5 (S.D.N.Y. June 1, 2022) ("[T]he total lack of associated medical documentation along with Plaintiff's admission that he has never sought medical care for the injuries he allegedly sustained would—even if the shoves were not, by their very nature, *de minimis*—lead to the conclusion that the force used was, in fact, *de minimis*") (collecting cases); *see also Harris v. Miller*, 818 F.3d 49, 65 (2d Cir. 2016) ("[T]he *de minimis* exception covers, for example, '[a]n inmate who complains of a "push or shove" that causes no discernible injury'") (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010)).

*3. Failure to Intervene*

The January 3 Order correctly determined that Plaintiff's failure to intervene claims against Defendants Aucter, Drake, Burt, and Miller must be dismissed. Initially, Defendant Aucter's alleged punch and Defendant Drake's alleged push were both too brief in nature to provide the other officer a realistic opportunity to intervene. *See Demosthene v. City of New York*, 831 Fed. Appx. 530, 535 (2d Cir. 2020) (citing *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988)). As to Defendant Burt, Plaintiff failed to establish any underlying constitutional violation by another officer that Defendant Burt failed to intervene in. *Vidal v. Correction Officer C. Lampon*, No. 16 CIV. 5006, 2019 WL 117304, *3 (S.D.N.Y. Jan. 7, 2019) (holding that "a defendant 'may not be held liable both for using excessive force and for failing to prevent the use

11

of excessive force' and "that 'there can be no failure to intervene claim without a primary constitutional violation'") (quotations omitted).  Finally, as for Defendant Miller, Plaintiff has not pointed to any admissible evidence in the record tending to establish that Defendant T.J. assaulted him and Defendant Miller observed it but did nothing to stop it.

### *4. Conditions of Confinement*

The January 3 Order correctly concluded that Plaintiff failed to satisfy the objective prong of his conditions of confinement claim.  *See* Dkt. No. 68 at 69.  In particular, Plaintiff failed to show that the alleged conditions—the denial of all or part of Plaintiff's special diet meal on a handful of separate occasions, as well as not allowing him to have cell clean up or certain rights related to seeing the nurse—either alone or in combination, posed an "'unreasonable risk of serious damage to his health.'"  *Garraway v. Griffin*, 707 Fed. Appx. 16, 18 (2d Cir. 2017) (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)).

### *5. Due Process*

Finally, the Court concludes that Plaintiff's due process claim must be dismissed because he has failed to establish that he has a liberty interest that is implicated by his confinement.  As Magistrate Judge Hummel noted, it appears that Plaintiff was in the SHU for ninety-five days, from June 21, 2019, until September 23, 2019.  *See* Dkt. No. 51-2 at 26; Dkt. No. 57 at 40.  Although duration of confinement is not "dispositive," it is a "significant factor" in determining whether confinement imposes an atypical and significant hardship on the inmate.  *Tavares v. Amato*, 954 F. Supp. 2d 79, 93 (N.D.N.Y. 2013).  "[R]estrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and thus require proof of conditions more onerous than usual."  *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009) (citing *Colon v. Howard*, 215 F.3d 227 (2d Cir. 2000)).  Plaintiff does not allege that he was

subject to any conditions while incarcerated in the SHU that do not regularly occur to inmates in the general population.

In any event, as Magistrate Judge Hummel found, Plaintiff received sufficient process before he was placed in the SHU. In particular, (1) Plaintiff did not suffer any prejudice from being denied a physical copy of certain reports where they were read into the record in front of him, (2) Defendant Gee requested and received an extension of time to restart the hearing, *see Brooks v. Prack*, 77 F. Supp. 3d 301, 321 (W.D.N.Y. 2014) ("[D]isciplinary proceedings may be commenced or continued outside of the time limits prescribed by the New York State regulations if a request for an extension is filed"); and (3) the disciplinary determination at issue was supported by reliable evidence of Plaintiff's guilt—here, a misbehavior report, Defendant Burt's testimony, and Sgt. Kelly's memorandum supporting Defendant Burt's account, *see Elder v. McCarthy*, 967 F.3d 113, 129 (2d Cir. 2020).

### IV. CONCLUSION

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 68) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 49) is **DENIED in part** insofar as it seeks dismissal of Plaintiff's First Amendment retaliation claim and Eighth Amendment excessive force claim against Defendant Miller, and Eighth Amendment excessive force claims against Defendants Aucter and Drake; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 49) is **GRANTED in part** and Plaintiff's remaining claims are **DISMISSED**; and the Court further

**ORDERS** that **Defendants Knapp, Gaurin, Burt, and Gee** are **DISMISSED** from this action; and the Court further

**ORDERS** that an exhaustion hearing will be held to determine if administrative remedies were available to Plaintiff for those claims permitted to proceed past summary judgment; and the Court further

**ORDERS** that Plaintiff is ordered to show good cause, within thirty (30) days of the date of this Memorandum-Decision and Order, why Defendant T.J. should not be dismissed from this action without further order of the Court for the failure to identify and/or serve Defendant T.J.; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 14, 2023
       Albany, New York

Mae A. D'Agostino
U.S. District Judge