UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TREVIS FUNCHES,

*Plaintiff,*

-against-

JUSTIN MILLER, *et al.*,

*Defendants.*

**STIPULATION AND
ORDER OF
DISCONTINUANCE
PURSUANT TO RULE
41(A)**

20-CV-676
(MAD/CFH)

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, Plaintiff

Trevis Funches ("Plaintiff"), his attorney Amina Karic, and Defendants Justin Miller, J. Aucter,

and M. Drake, ("Defendants"), and their attorneys, parties to the above-entitled action (the

"Action"), that, whereas no party hereto is an infant or incompetent person for whom a committee

has been appointed, and no person not a party has an interest in the subject matter of this Action,

this Action be and the same hereby is settled on the particular circumstances of this case, on the

following agreed-upon terms and conditions, and shall have no precedential value in any other

cases either between the parties to this case or any other parties:

1.      Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff hereby

discontinues this Action, inclusive of all outstanding substantive claims, with prejudice and

without damages, costs, interest or attorneys' fees, under the conditions described in Paragraph 4

of this agreement, as against the Defendants, the New York State Department of Corrections and

Community Supervision ("DOCCS") and the State of New York, including its agencies,

subdivisions, employees, private contractors or assignees, of any and all claims, demands, or

causes of action, known or unknown, now existing or hereafter arising, whether presently asserted

or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against the Defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents.

2.      The parties agree that no provision of this Stipulation shall be interpreted to acknowledge the validity of any allegations or claims raised during this Action.

3.      This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts, or merits of their respective positions. The settlement of this Action is limited to the circumstances in this case, including the remaining substantive claims, alone and shall not be given effect beyond the specific provisions stipulated hereto. This settlement does not form and shall not be claimed as any precedent for or an agreement by the parties to any generally applicable policy or procedure in the future.

4.      Following the execution of this Stipulation, and its being so ordered by the Court, Plaintiff will be paid the total sum of ONE THOUSAND and 00/100 DOLLARS ($1,000.00) in full settlement of any and all claims made in the Action, which amount includes all sums to which Plaintiff is entitled, including but not limited to damages, costs, and attorneys' fees. The payment of said settlement will be made by check payable to Trevis Funches and mailed to his Counsel at LaFave, Wein & Frament, PLLC, 1 Wall Street, Albany, New York 12205.

2

5.     This settlement payment shall be made in full satisfaction of any and all claims, costs or fees related to the Action. In full consideration of the payment of the sum set forth above, the Plaintiff hereby releases Defendants and any and all current and former employees or agents of DOCCS in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators and assigns and the State of New York and DOCCS from any and all claims, liabilities and causes of action arising out of the circumstances set forth in the operative complaints in the Action, including but not limited to claims relating to or arising out of any alleged violation of Plaintiff's constitutional rights, and all other causes of action and claims of liability.

6.     Payment of the amount specified in paragraph 4 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under Section 17 of the New York Public Officers Law. Plaintiff agrees to timely execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval effectuating payment in accordance with applicable State laws. Such documentation will be mailed to counsel for the Plaintiff by agents of the Defendants responsible for the administrative processing of the settlement paperwork.

7.     Payment of the amount in Paragraph 4 will be made within one hundred and twenty (120) days after the approval of this Stipulation by the Court, receipt by Defendants' counsel of a copy of the so-ordered Stipulation, and receipt by Defendants' counsel of all necessary documents referenced in Paragraph 6 of this Stipulation. However, if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

3

8.      This stipulation shall be null and void, and this Action shall then be placed back on the active docket without prejudice, if (1) the approvals referred to in Paragraph 6 are not obtained **or** (2) Plaintiff fails to timely execute and deliver all necessary paperwork as described in Paragraph 6 above.  Such paperwork will be provided to counsel for the Plaintiff as set forth in Paragraph 6 of this Stipulation.

9.      In the event that the terms of Paragraph 6 of this Stipulation are satisfied, but payment is not made within the 120-day or 150-day period set forth in Paragraph 7, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after the satisfaction of the pre-requisites,  or the 151st day after the satisfaction of the pre-requisites if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff.

10.     Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next thirty (30) months.

11.     Plaintiff agrees that Defendants, and the State of New York shall not be responsible for any liens or setoffs of any kind which may attach to the proceeds from this settlement and further agrees that he will defend, indemnify, and hold harmless Defendants, the New York State Department of Corrections and Community Supervision, its officers, agents and employees and the State of New York in connection with the satisfaction of any such liens or setoffs.

12.     This Stipulation may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

4

13.     The foregoing constitutes the entire agreement of the parties.


Dated: Albany, New York
        10/4, 2023

Letitia James
Attorney General
State of New York

By: _____
Nicholas W. Dorando, Esq.
Assistant Attorney General
*Counsel for Defendants*
Bar Roll No. 7101029
The Capitol
Albany, NY 12224


Dated: Albany, New York
        9/29, 2023

By: _____
Amina Karic, Esq.
LaFave, Wein & Frament, PLLC
*Counsel for Plaintiff*
1 Wall Street
Albany, NY 12205


Dated: Brooklyn, ~~Albany,~~ New York
        9/27, 2023

By: _____
Trevis Funches, Plaintiff


Dated: Albany, New York

        ___October 10_____, 2023

SO ORDERED:

_____
**THE HONORABLE MAE A. D'AGOSTINO**
UNITED STATES DISTRICT COURT JUDGE


5